## THE TROY.[1]

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

No. 232. Submitted December 20, 1907.—Decided February 24, 1908.

*Cleveland Terminal Co.* v. *Steamship Co., ante,* p. 316, followed to effect that the admiralty does not have jurisdiction of a claim for damages to a bridge which, although in navigable waters, is so connected with the land that it immediately concerns commerce on land.

THE facts are stated in the opinion.

---

[1] Docket title, No. 232, Duluth & Superior Bridge Company v. Steamer "Troy," her Boilers, Engines, etc.

Mr. *Charles E. Kremer* and Mr. *John A. Murphy* for appellant.

Mr. *Harvey D. Goulder*, Mr. *Frank S. Masten*, Mr. *H. A. Kelley*, Mr. *H. R. Spencer* and Mr. *S. H. Holding* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The Duluth and Superior Bridge Company owned and operated a bridge between the cities of Duluth, Minnesota, and Superior, Wisconsin, over the St. Louis River, a navigable stream. The bridge was equipped with a swinging span, supported on a turntable resting on a base of stone and piles driven into the bottom of the river, leaving a space for the passage of vessels on either side of the supporting structure. When closed its ends rested upon permanent abutments, forming a passageway over the stream for street cars and foot passengers, and when opened allowing the passage of the largest lake steamers.

On August 11, 1906, the merchant steamer Troy, inbound, struck the center pier protection and glanced into the draw of the bridge, inflicting heavy damage. The bridge company filed a libel against the Troy in the District Court for the Western District of Wisconsin in admiralty, claiming large damages. The Western Transit Company, owner of the Troy, filed exceptions to the libel, as follows:

"1st. That it appears from the averments of the libel that the bridge alleged to have been injured was a structure on land, for purposes of land travel and convenience exclusively, not erected, maintained or operated in any sense or in any degree in aid of navigation, but, on the contrary, an obstruction and impediment to the navigation of a public navigable water channel and highway, a part of the public waters of the United States, then and there navigable to ships engaged in commerce and navigation.

"2d. That whatever of damage came to the bridge occurred

on land, and no part of the same occurred or was suffered on water in place or manner within the jurisdiction of an admiralty court of the United States.

"3d. That the claim of damage propounded in the libel fails to show a case within the admiralty jurisdiction of this honorable court, according to the grant of such jurisdiction in the Constitution of the United States and the course and practice in admiralty courts of the United States."

The court sustained the exceptions and dismissed the libel with costs, whereupon the case was brought by appeal to this court, the question of jurisdiction being certified.

*The Cleveland Terminal & Valley Railroad Company* v. *The Cleveland Steamship Company, ante,* p. 316, just decided, involved substantially the same questions of jurisdiction that are involved in this case. There the steamer Reis collided with the center protection of a bridge located in the navigable channel of the Cuyahoga River and injured it, and at the same time the abutment or shore end of the bridge, and the wharf or dock in the vicinity. In that case the bridge itself was not injured, while in this case the center protection and bridge were both injured. The views we have expressed in that case must govern the disposition of this case, and the

*Decree is affirmed.*