# UNITED STATES *v.* MORENA.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 523. Argued December 13, 1917.—Decided January 7, 1918.

The second proviso in § 8 of the Naturalization Act of June 29, 1906, c. 3592, 34 Stat. 596, permitting naturalization of aliens who cannot speak English if before the passage of that act they have made declarations of intention in conformity with prior laws, has no bearing on the relation of the seven-year limitation prescribed by § 4, subdivision second, of the act, to declarations filed before its passage.

Giving effect to the purpose expressed in the title of the Naturalization Act of June 29, 1906, "to provide for a uniform rule for the naturalization of aliens throughout the United States," the requirement of subdivision second of § 4, that the petition for citizenship shall be filed not more than seven years after the alien has made his declaration of intention, is *held* applicable to declarations made

before the act was passed; the enactment does not invalidate such old declarations, but the time runs upon them from its date. So *held* where the declaration was made December 15, 1905, and the petition for citizenship was not filed until December 21, 1914.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Fitts* for the United States.

No appearance for Morena.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This certificate presents for construction certain sections of an. Act of Congress, approved June 29, 1906, and entitled "An Act to establish a Bureau of Immigration and Naturalization and to provide for a uniform rule for the naturalization of aliens throughout the United States." C. 3592, 34 Stat. 596.

The pertinent parts of the act are as follows:

"Sec. 4. That an alien may be admitted to and become a citizen of the United States in the following manner and not otherwise:

"First. He shall declare on oath before the clerk of any court authorized by this Act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States . . .: *Provided, however,* That no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration.

"Second. Not less than two years nor more than seven years after he has made such declaration of intention he

shall make and file, in duplicate, a petition" for citizenship.

The facts certified are these:

Morena, on December 15, 1905, declared his intention to become a citizen of the United States, and on December 21, 1914, filed in the District Court of the United States for the Western District of Pennsylvania a petition for citizenship. On April 6, 1915, the petition was granted and he was admitted to citizenship.

In July, 1915, the United States filed in the District Court a bill praying that the order admitting Morena to citizenship be vacated and his certificate be canceled, upon the ground, among others, that the certificate was void because it had been granted upon a petition filed more than seven years after he had made his declaration and more than seven years after the passage of the Act of Congress of June 29, 1906.

The District Court dismissed the bill and an appeal was taken to the Circuit Court of Appeals for the Third Circuit.

The Circuit Court of Appeals, reciting that there are conflicting decisions upon the construction of the act of Congress, has certified the following questions:

"1. Is a declaration of intention made before the naturalization act of 1906 saved by the proviso of the first paragraph from the seven-year limitation of the second paragraph of section 4 of the act?

"2. Is an alien who has made a declaration of intention before the act of 1906 required to file his petition for citizenship at a time not more than seven years after the date of such declaration of intention?

"3. Is an alien who has made a declaration of intention before the act of 1906 required to file his petition for citizenship at a time not more than seven years after the date of the act?"

The question in the case then, to state it succinctly,

is whether the Act of 1906 is applicable to declarations of intention made prior to its passage and to what extent applicable, if at all.

That the question is susceptible of different answers is indicated by the diversity of views [1] of the courts which have passed upon it.

The cases that have answered the question in the negative have invoked in support of their view the presumption that statutes have prospective operation unless controlled by contrary intention clearly expressed and certain provisions of the act which indicate, it was said, that it was not the intention of Congress to invalidate a declaration of intention made prior to the act "at any future time." And one case adduces the contemporaneous construction of an administrative board.

The words especially relied on are those of the proviso in the first paragraph of § 4 and those of § 8.[2] The latter

---

[1] The cases deciding that the seven-year limitation is applicable to prior declarations are as follows:

*In re Goldstein* (D. C.), 211 Fed. Rep. 163; *Yunghauss* v. *United States* (C. C. A., 2nd Cir.), 218 Fed. Rep. 168, sustaining 210 Fed. Rep. 545; *Harmon* v. *United States* (C. C. A., 1st Cir.), 223 Fed. Rep. 425, affirming decree of District Court; and *In re Lee* (D. C.), 236 Fed. Rep. 987.

The cases *contra* are:

*Eichhorst* v. *Lindsey* (D. C.), 209 Fed. Rep. 708; *In re Anderson* (D. C.), 214 Fed. Rep. 662. And to like effect are: *United States* v. *Lengyell* (D. C.), 220 Fed. Rep. 720; *In re Valhoff* (D. C.), 238 Fed. Rep. 405; *Linger* v. *Balfour*, 149 S. W. Rep. 795.

[2] "Sec. 8. That no alien shall hereafter be naturalized or admitted as a citizen of the United States who cannot speak the English language: *Provided,* That this requirement shall not apply to aliens who are physically unable to comply therewith, if they are otherwise qualified to become citizens of the United States: *And provided further,* That the requirements of this section shall not apply to any alien who has prior to the passage of this Act declared his intention to become a citizen of the United States in conformity with the law in force at the date of making such declaration: *Provided further,* That the require-

may be disregarded.  It prohibits the naturalization of
aliens who cannot speak the English language, if physically
able to do so, but preserves prior declarations if made in
conformity with law in force at their date.  The proviso
of § 4 deserves more notice.  It is that no alien whose
declaration conformed to law when made "shall be re-
quired to renew such declaration."  To this provision
the cases we have summarized—and we refer to them
because there is no brief on file for Morena—have as-
cribed the direct influence of excluding declarations there-
tofore made.

We cannot assent to that view or to the view that if a
limitation be put upon the time to complete the declara-
tion by the final application for citizenship it can be
construed as invalidating the declaration.  It is no de-
struction of a right or privilege to limit the time for its
assertion, and the cited provision does no more.  Section 4
prescribes a time for completing the declaration, a time
so liberal, regarding the privilege granted and the reason
for granting and seeking it, as not to be considered in any
just appreciation of words as even a limitation of it.  And
there was appealing purpose.  There were reasons for
diligence and reasons for giving to all declarations the
same duration.

It is to be remembered that the resolution of the alien
to change his allegiance is expressed in his declaration.
The interval of time between it and admission to citizen-
ship is the precaution of the law to assure of qualification.
In the old law this interval could not be less than two
years, and so in the new law.  Aside from this there was
no other prescription in the old law of the time that should

ments of section eight shall not apply to aliens who shall hereafter
declare their intention to become citizens and who shall make home-
stead entries upon the public lands of the United States and comply
in all respects with the laws providing for homestead entries on such
lands."

elapse between the declaration and the final petition. The minimum of time was preserved in the new law, but there was a maximum time prescribed for the completion of the declaration, and unless this was made applicable to "old-law declarations" as well as to "new-law declarations," the Act of 1906 would not do what its title declares it was intended to do—"provide for a uniform rule for the naturalization of aliens throughout the United States."

A limitation of time even upon the assertion of a right theretofore having no limitation upon its assertion, or a different limitation, is not infrequent, and its legality is unquestionable if a time reasonable, in view of the subject-matter, be given. *Wilson* v. *Iseminger*, 185 U. S. 55; *Soper* v. *Lawrence Brothers Co.*, 201 U. S. 359; *Blinn* v. *Nelson*, 222 U. S. 1. See also *Sohn* v. *Waterson*, 17 Wall. 596; *Union Pacific R. R. Co.* v. *Laramie Stockyards Co.*, 231 U. S. 190. This being the power of Congress, there were, as we have seen, promptings to its exercise.

The act, therefore, does not invalidate old declarations. It only specifies a time for their realization, a time ample to consider and estimate the value of realization, the extent of its duty and responsibility, a time determined and applied, therefore, upon full consideration; and we are not impressed with the argument that would assign an eternity of duration to prior declarations.

The first question certified would seem to be addressed to the view that the Act of 1906 made nugatory declarations theretofore filed. This, however, is not urged by the Government and we consider it untenable for the reasons which we have already expressed. Such has been the ruling of the cases.

We therefore answer the first and second questions in the negative and the third in the affirmative.

*And it is so ordered.*