## In re BRITTON et al.

(District Court, N. D. California, First Division. March 2, 1918.)

Nos. 2546, 2549.

ALIENS &68—NATURALIZATION—DECLARATION OF INTENTION.

Under Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596, providing that petition for naturalization shall be filed not less than two nor more than seven years after declaration of intention, a declaration of intention filed by a seaman, being a foreigner, expires after seven years, notwithstanding Rev. St. § 2174 (Comp. St. 1916, § 4357), in force at the time of the passage of the Naturalization Act, allows such a seaman, who has declared his intention, to be naturalized on proof of three years' service in a merchant vessel of the United States, for the Naturalization Act of 1906 makes five years' continuous residence a prerequisite to admission to citizenship, just as did the prior acts, and it is obvious the provision as to expiration of declarations of intention, which was entirely new, was intended to apply to all declarations.

In the matter of the applications for naturalization of Samuel Britton and Frederick Willarts. Applications dismissed.

Geo. A. Crutchfield, Chief Naturalization Examiner, of San Francisco, Cal., for the United States.

DOOLING, District Judge. The Chief Examiner of the Bureau of Naturalization of this district moves to dismiss the petitions for naturalization of Samuel Britton and Frederick Willarts for the reason that the declarations of intention of such applicants were more than seven years old when the petitions were filed. The applicants are seamen, and their petitions are based upon section 2174 of the Revised Statutes (Comp. St. 1916, § 4357), which is as follows:

"Every seaman, being a foreigner, who declares his intention of becoming a citizen of the United States in any competent court, and shall have served three years on board of a merchant vessel of the United States subsequent to the date of such declaration, may, on his application to any competent court, and the production of his certificate of discharge and good conduct during that time, together with the certificate of his declaration of intention to become a citizen, be admitted a citizen of the United States."

Section 2174 was in force when the Naturalization Act of 1906 was passed. Its only effect theretofore was to reduce the period of residence required before naturalization from five years, as required by the general Naturalization Law, to three years' service, subsequent to the declaration of intention, so that an alien arriving in this country

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

could make his declaration of intention immediately, and by shipping on board a merchant vessel of the United States, serving three years, and receiving a certificate of discharge and good conduct, could be admitted to citizenship because of such three years' service, without residing in the country for five years, as was required of other applicants. But his service did not dispense with the necessity of making a declaration of intention, nor of producing such declaration at the time of his application. His application for naturalization presupposed a valid declaration of intention.

Before the act of 1906 there was no limitation upon the life of such declarations. By that act, however, it is provided that petitions for naturalization shall be filed not less than two nor more than seven years after the making of the declaration of intention. The act further requires, as did the former naturalization law, a continuous residence of at least five years in the United States, and one year in the state or territory of the application, as a condition precedent to naturalization. So that the provisions of section 2174 as to three years' service are just as operative under the new act as under the old one.

But there is nothing in the act of 1906 which manifests any intention on the part of Congress to exempt seamen from the absolute provision that an application for naturalization must be filed not more than seven years after the making of the declaration of intention. Under this act all declarations become invalid at the expiration of seven years. The provisions of section 2174 require the production of the applicant's declaration of intention to become a citizen. This must, of course, mean a valid declaration.

But as all declarations now expire at the end of seven years, and as the declarations upon which the present applications are based are more than seven years old, the first essential of a valid application is wanting, and such want is not supplied by the fact of three years' service. The Supreme Court, in the case of United States v. Morena, 245 U. S. 392, 38 Sup. Ct. 151, 62 L. Ed. ——, decided January 7, 1918, speaking of declarations made prior to the act of 1906, says:

"It is no destruction of a right or privilege to limit the time for its assertion, and the cited provision does no more. Section 4 prescribes a time for completing the declaration, a time so liberal, regarding the privilege granted and the reason for granting and seeking it, as not to be considered in any just appreciation of words as even a limitation of it. And there was appealing purpose. There were reasons for diligence and reasons for giving to all declarations the same duration. * * * The act, therefore, does not invalidate old declarations. It only specifies a time for their realization, a time ample to consider and estimate the value of realization, the extent of its duty and responsibility, a time determined and applied, therefore, upon full consideration; and we are not impressed with the argument that would assign an eternity of duration to prior declarations."

The language of the Supreme Court is quite applicable to the instant cases. There is nothing in the act, and nothing in reason, that would assign an eternity of duration to declarations of intention, simply because the declarants endeavor to take advantage of a three years' service, instead of a five years' residence.

The applications are therefore dismissed.