## UNITED STATES v. OVENS.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2407.

1. Aliens ⚖➔68(5).

Under C. S. N. C. § 638, alien may appeal from decree of superior court denying application for citizenship.

2. Aliens ⚖➔71½.

United States, without appealing from order of naturalization illegally procured, may institute independent bill in equity for cancellation thereof.

3. Aliens ⚖➔71½.

Bill for cancellation of order of naturalization need not be brought in court where naturalization proceedings were had.

4. Aliens ⚖➔71½—Estoppel ⚖➔62(2)—Judgment ⚖➔646—United States held not estopped from instituting bill in equity to cancel certificate of naturalization, nor was order denying motion to cancel certificate res judicata (Naturalization Act 1906, § 4, subd. 2, and sections 11, 15 [Comp. St. §§ 4352, 4370, 4374]).

United States *held* not estopped from instituting independent bill in equity under Naturalization Act 1906, § 15 (Comp. St. § 4374), to cancel certificate of naturalization, issuance of which was illegal under section 4, subd. 2 (Comp. St. § 4352), by its failure to appeal from order denying motion in naturalization proceedings to cancel such certificate, nor was such order res judicata on theory that motion was equivalent to suit in equity, in view of section 11 (Comp. St. § 4370).

Appeal from the District Court of the United States for the Western District of North Carolina, at Charlotte; Edwin Y. Webb, Judge.

Suit by the United States against David Ovens. Decree for defendant, and the United States appeals. Reversed and remanded, with directions.

F. A. Linney, U. S. Atty., of Charlotte, N. C., and Frank C. Patton, of Morganton, N. C., Chas. A. Jonas, of Lincolnton, N. C., and Thomas J. Harkins, of Asheville, N. C., Asst. U. S. Attys.

T. L. Kirkpatrick and H. L. Taylor, both of Charlotte, N. C., for appellee.

Before WADDILL and ROSE, Circuit Judges, and WATKINS, District Judge.

ROSE, Circuit Judge. The United States appeals from the refusal of the District Court to cancel a certificate of naturalization issued to the appellee, David Ovens, by the superior court of Mecklenburg county, N. C. The facts are not in dispute.

The appellee was born in Canada, and some time before the 28th of March, 1911, became a resident of the North Carolina county already named. On the day mentioned he declared his intention of becoming a citizen of the United States, but did not file his application for naturalization until the 13th of July, 1918; that is, not until some time more than three months after the expiration of seven years from the making of his declaration, and therefore subsequent to the time in which such application could be legally made at all. Section 4, subdivision 2, Act of June 29, 1906, 34 Stat. 596 (Comp. St. § 4352). Nevertheless the superior court of Mecklenburg county, on the 21st of November, 1918, duly admitted him to citizenship and issued a certificate of naturalization to him. Some months later, the United States, in that court and in the naturalization cause, moved that an order be entered canceling and declaring void the certificate in question. The motion was denied, and no appeal was taken. About three years later—that is, on April 14, 1922—the United States filed in the District Court below the bill of complaint in the instant case. It alleges that the appellee's certificate of naturalization had been unlawfully procured, and that it should be set aside and canceled. He answered, and a hearing was duly had.

[1] After the facts already stated had been shown, the learned District Judge dismissed the bill, on the ground that the United States was estopped by the judgment of the superior court of Mecklenberg county. There is no question that, in the sense of the statute, the certificate of naturalization was illegally procured, and that the superior court erred in admitting the appellee to citizenship. United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321; United States v. More-

na, 245 U. S. 392, 38 S. Ct. 151, 62 L. Ed. 359. By the express provisions of the federal statute already cited, he was not entitled to apply for naturalization after the expiration of seven years from the date of his declaration of intention. In view of Tutun v. United States, 46 S. Ct. 425, 70 L. Ed. ——, decided by the Supreme Court April 12, 1926, it is possible that the United States might have appealed from the order naturalizing him, in spite of the intimation or statement to the contrary in United States v. Ness, supra; and, of course, it is now certain that the appellee could have done so, had the lower court refused to admit him to citizenship. Tutun v. United States, supra; section 638, Consolidated Statutes of North Carolina 1919.

[2-4] It is well settled, however, that, when an order for naturalization has been illegally procured, the United States may, without appealing from it, file an independent bill in equity for the cancellation of the certificate. This bill need not be lodged in the court in which the naturalization proceedings were had, but may be brought in any court, state or federal, having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit. United States v. Ness, supra; United States v. Morena, supra; United States v. Ginsberg, 243 U. S. 477, 37 S. Ct. 422, 61 L. Ed. 853. If such a bill had been filed in the superior court of Mecklenburg county, and if it had been there dismissed on its merits, and the order of dismissal had not been appealed from, or if, on appeal, it had been affirmed, doubtless, as against the government, the issue would have become res adjudicata; but no such bill in equity was filed in the state court.

The contention that the motion the government made in "the cause"—that is, in the naturalization proceedings—for an order canceling the certificate was the equivalent of the independent bill in equity provided for in section 15 of the Naturalization Act (Comp. St. § 4374), cannot be sustained. The statutory provision authorizing the filing of such a bill creates a new remedy, which in some respects is broader than that existing independently of statute, and in others is narrower in scope than the protection afforded the United States by section 11 of the Naturalization Act, 34 Stat. 599 (Comp. St. § 4370).

It follows that the United States was entitled to have the appellee's certificate of naturalization canceled and declared null and void. The decree below must be reversed, and the cause remanded, with directions to enter a decree canceling the naturalization certificate in question.

Reversed.