## H. CHRISTIANSEN & SONS, Inc., v. CITY OF DULUTH.

### No. 13169.

Circuit Court of Appeals, Eighth Circuit.

April 1, 1946.

I. K. Lewis, of Duluth, Minn. (Lewis & Sher, of Duluth, Minn., on the brief), for appellant.

Harry T. Lathrop, Asst. City Atty., of Duluth, Minn. (Harry E. Weinberg, City Atty., of Duluth, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This was an action sounding in tort, brought by appellant to recover a money judgment on account of damages caused to plaintiff's dock at Duluth, Minnesota, by reason of the alleged unlawful conduct of defendant in maintaining its public dock adjacent to that of plaintiff, in such a manner that it constituted a public nuisance.

We shall refer to the parties as they appeared in the court below.

There was no diversity of citizenship between the parties to the action, but the jurisdiction of the court was predicated on the claim that the action was one arising under a law of the United States. After verdict for plaintiff, the trial court on motion for judgment notwithstanding the verdict or for new trial dismissed the action, expressing the view that the court was without jurisdiction, and this appeal followed.

While it is strenuously argued that the court was without jurisdiction, especially in view of the trend of recent decisions of the Supreme Court to reduce federal jurisdiction (Gully v. First Nat. Bank, 299 U. S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Zalkind v. Scheinman et al., 2 Cir., 139 F.2d 895; Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118; Miller v. City of Greenville, 8 Cir., 138 F.2d 712), we are disposed to assume without deciding that the court had jurisdiction to determine whether or not a cause of action was pleaded or proved under the laws of the United States relied upon by plaintiff. Manifestly, if plaintiff has neither pleaded nor proved such a cause of action, then the judgment appealed from should be affirmed.

Section 407, Title 33 U.S.C.A., which is pleaded by plaintiff as the basis of its cause of action, so far as here material, provides as follows:

"* * * and it shall not be lawful to deposit, or cause, suffer, or procure to be deposited material of any kind in any place on the bank of any navigable water, or on the bank of any tributary of any navigable water, where the same shall be liable to be washed into such navigable water, either by ordinary or high tides, or by storms or floods, or otherwise, *whereby navigation*

*shall or may be impeded or obstructed.* * * *" (Emphasis supplied.)

Section 411 of the same Act provides that anyone violating this section " * * * shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

In its complaint plaintiff alleged that it was engaged in the wholesale and retail fish business and in the transportation of freight and passengers by water, with its principal place of business in the City of Duluth, Minnesota; that it owned and operated a warehouse, office and dock property in said city on the waterfront of Lake Superior; that in connection with its real property it owned and operated a dock and warehouse; that over its dock it loaded and unloaded passengers, freight and merchandise for water transportation and that its business was interstate and international in character; that adjacent to its dock defendant owned and maintained a dock which it had maintained for a period of many years and that "it constructed and maintained the same in such a manner and caused and permitted the same to fall into such a state of disrepair and disuse that portions thereof were liable to be washed into the navigable water of the Duluth-Superior Harbor, so as to impede and obstruct navigation"; that defendant deposited loose timber and material upon its dock of such character and in such condition that said timber and material were liable to be washed into the navigable waters of the harbor and to endanger, impede and obstruct navigation; that defendant so constructed and maintained its dock and permitted it to be and remain in such an insecure and unstable condition that timber lying thereon and also timber forming a part of the dock were liable to be washed into the navigable waters of the harbor and were liable to float loose on said navigable waters and to endanger, obstruct and impede navigation; that it permitted timber, planks and other materials to be placed upon its dock without making them fast and secure and permitted them to remain in such an insecure

and dangerous position so that they were liable to be washed into the navigable waters by recurring storms, floods and high waves which customarily and frequently occur in the City of Duluth, as defendant well knew; that the loose, defective and insecure manner in which defendant constructed and maintained its dock, and the heavy timber and planks and other materials which it caused and permitted to be and remain thereon, not only violated the laws of the United States, but also constituted a public nuisance which defendant knew was likely to cause serious damage not only to the public in general but to the owners of private property in the vicinity of its said dock and wharf which immediately adjoined defendant's; that Section 407, Title 33 U.S.C.A., provides that it shall be unlawful to deposit or to cause, or suffer or procure to be deposited, material of any kind in any place on the bank of any navigable water of the United States where the same shall be liable to be washed into such navigable water by storms or floods or otherwise, whereby navigation shall be or may be impeded or obstructed, or to float loose timber in the navigable waters of the United States in such manner as to obstruct, impede or endanger navigation. It is then alleged that by reason of the facts pleaded, the defendant violated the laws of the United States and "has also created and maintained a public nuisance which was liable to cause damage not only to navigation and to the public in general but also to plaintiff and to other owners of private property in particular; that defendant had been duly warned and had full knowledge of the dangerous condition of its said property * * * and of the facts constituting a violation of the laws of the United States as herein alleged"; that on or about the 7th day of November, 1943, a storm occurred which caused high waves and heavy water pressure to beat upon, against and over defendant's dock so that the heavy timbers and planks which defendant had placed and permitted to be placed and maintained thereon were washed into the navigable waters of the harbor; that the planks and the timbers, after being washed into the harbor, floated loose upon the surface of the waters and were driven by the wind and high waves so that they beat upon and pounded against plaintiff's dock, greatly damaging and partly destroy-

ing it. It is then alleged that by reason of the facts alleged plaintiff's dock was damaged in the sum of $20,000, and that it was deprived of the use of its dock to the further damage in the sum of $10,000.

It will be noted that the only damage claimed to have been suffered by the plaintiff was that arising from injury to its dock caused by the timbers beating upon and against it. There is no claim of any damage by reason of any obstruction of the navigable waters, nor is there any allegation or proof that plaintiff's boats were impeded. The statute relied upon has particular reference to impeding or obstructing navigation. It is a penal statute and hence, must be strictly construed. It contains no provision for the recovery of damages for its violation. It does not on its face purport to establish a civil liability. It imposed a penalty as punishment for a wrong to the public. Any private right of action which exists under it is by implication only and would not in any event extend beyond the purposes of its prohibitions.

In Cleveland T. & V. R. Co. v. Cleveland Steamship Co., 208 U.S. 316, 28 S.Ct. 414, 416, 52 L.Ed. 508, 13 Ann.Cas. 1215, the Supreme Court had before it a proceeding in which the plaintiff sought to recover damages because of injuries inflicted to a pier of a draw bridge in the Cuyahoga River, a navigable stream at Cleveland, Ohio, and to the protecting piling work surrounding the pier and to one of the pier abutments and to a dock or wharf below the bridge. It was alleged that during a heavy flood a steamship broke from her moorings and drifting down the river struck another steamship at her moorings, forcing her against still another ship, putting her adrift, all three being carried down the river with the current. The plaintiff owned and operated a bridge across the river supported by a central abutment or pier in the navigable channel. Surrounding the central abutment was a piling intended to protect the vessels from damage. A dock was constructed on piles driven in the bed of the stream and on the shore; the vessels struck and damaged the dock, the protecting piling and the pier. It was also alleged that the vessels were wedged together at the bridge, thus practically damming up the waters and causing them to rise so that the current undermined the pier and shore abutment and carried away some of the protecting piling. The trial court dismissed the proceeding. In sustaining this decision, the Supreme Court, among other things, said:

"In the present case damage to shore dock, and to bridge, protection piling, and pier, by a vessel being forced against each of them by the vessel proceeded against, as well as damage to shore dock, abutment, protection piling, pier and dock foundation by a wash said to be due to the increased current arising from partial damming of the stream by the three vessels, brought into such position by the alleged fault of the vessel proceeded against, was sought to be recovered. But the bridges, shore docks, protection piling, piers, etc., pertained to the land. They were structures connected with the shore and immediately concerned commerce upon land."

To the same effect, see Duluth & Superior Bridge Co. v. The Troy, 208 U.S. 321, 28 S.Ct. 416, 52 L.Ed. 512.

The Supreme Court of Connecticut, in Longstean v. Owen McCaffrey's Sons, 95 Conn. 486, 111 A. 788, 792, had before it an action based upon this particular statute. In construing the statute the court, among other things, said:

"This portion of the statute was intended to secure the prevention of the impeding or obstruction of navigation by depositing or suffering to be deposited any kind of material, refuse, or otherwise on the bank or shore of navigable water, or on the bank or shore of its tributary where the same shall be liable to be washed into such navigable water. Protection of navigation was the purpose of the statute.

"The violation of a statute which forbids the doing of certain acts does not give a cause of actionable negligence in favor of private individuals unless the statute was designed to prevent such injuries as were suffered by the individual claiming damage and unless it imposes upon the one violating the statute a specific duty for the protection or benefit of him who claims damage for the violation. * * *

"This statute was for the protection of navigation."

Here, as in Cleveland T. & V. R. Co. v. Cleveland Steamship Co., supra, the dock which was damaged "pertained to the land." The statute was for the protection

of navigation and there was neither allegation nor proof that navigation was impeded or obstructed, and no recovery was sought because of any obstruction to the navigable waters, the only damage alleged or proved being that inflicted upon plaintiff's dock.

The judgment appealed from is therefore affirmed