NATIONAL LABOR RELATIONS BOARD
v. ITASCA COTTON MFG. CO.

NATIONAL LABOR RELATIONS BOARD
v. HICKS–HAYWARD CO.

NATIONAL LABOR RELATIONS BOARD
v. HILLSBORO COTTON MILLS.

NATIONAL LABOR RELATIONS BOARD
v. VANETTE HOSIERY MILLS.

Nos. 12731, 12897, 12899 12901.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1950.

Frederick U. Reel, Attorney, Nat. Labor Relations Board, David P. Findling, Assoc. Gen.Counsel, A. Norman Somers, Asst. Gen. Counsel, Washington, D. C., for petitioner.

John M. Scott, Fort Worth, Tex., for all respondents.

J. F. Hulse, El Paso, Tex., for respondent Hicks-Hayward Co.

Before HUTCHESON, Chief Judge, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Chief Judge.

Submitted together upon stipulations that the facts in the other cases were the same as those in the Itasca case,[1] these petitions for enforcement of orders entered by the Board present a single question, whether Sec. 10(b)[2] of the National Labor Rela-

---

[1]. "It is hereby stipulated by and between the parties to this case that the facts of this case do not differ in material detail from the facts presented in No. 12731, N. L. R. B. v. Itasca Cotton Manufacturing Co., and that the issue of law presented in this case is identical with that presented in No. 12731.

The parties accordingly hereby waive the filing of separate briefs and appendices in this case, and stipulate that whatever judgment is entered by the Court in No. 12731 should also be entered in this case."

[2]. The statute in relevant part reads as follows:

tions Act, as amended by "Labor Management Relations Act 1947", operated to bar the proceedings taken by and before the Board.

These are the facts on which the decision in the Itasca case, and, therefore, by stipulation in the others, turns:

Based upon an unfair labor practice occurring on December 17, 1945, a charge was filed on January 4, 1946, and on that date the regional director of the Board advised respondent of the charge filed against it.

On June 26, 1947, after the amended act had been passed, but nearly two months before it, on August 22, 1947, became effective, a copy of the original and of the several amended charges, which had been by that time filed, were served upon respondent.

Petitioner views the proviso as imposing a six months period of limitation upon the institution of a proceeding based upon the belated filing, and service of a copy, of the charge. It insists that it does not apply retroactively here to bar these proceedings based upon charges filed within six months of the occurrences complained of, with the copies thereof already served prior to the effective date of the amended act.

Respondents view the proviso as not the fixing of a time limitation upon the filing of a complaint but as a jurisdictional limitation upon the Board's power to file one. They insist that, so viewed, it prevented the Board from issuing complaints on the charges underlying these cases, since service of copies of them was not, as required by the act, made within six months of the occurrence of the matters complained of.

Assuming, for the purpose of their argument, that the Board is right in its claim that, under the statute, service of copies of the charges within six months after the effective date of the act would have been a compliance with it, respondents, citing Joanna Cotton Mills v. N.L.R.B., 4 Cir., 176 F.2d 749, make the further insistence that this will not help the Board since notices of the charges were not served within six months, or indeed within any time after the taking effect of the statute.

■ We agree with the petitioner that the statute is a statute of limitations, and not one of jurisdiction, and that while it operates retroactively to bar complaints on charges filed, as well before as after the passage of the act, where, either before the taking effect of the statute or within six months afterwards, it has not been substantially complied with, it does not operate to bar the complaints here.

■ This is so because under settled principles of law declared in the cases,[3] there being no applicable statute of limitations in force when the proviso was enacted, the time for serving the notice it requires would not run out until six months after the statute took effect. It is so, too, because a copy of the charge having been served as required in the statute, though it was served before its effective date, the time limitation of the proviso would not apply.

■ That Sec. 10(b), as amended, is not a statute limiting the jurisdiction of the Board, but one fixing a time limitation merely, is, we think, clear from the language of the Act and from the proceedings in the congress in which an unsuccessful effort to limit the complaint power of the Board was rejected.

This view finds further support in the General Savings statute;[4] in the decisions,

---

"Whenever it is charged that any person has engaged in or is engaging in * * * such unfair labor practice, the board * * * shall have power to issue * * * a complaint stating the charges in that respect * * * Provided, That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is

made". 29 U.S.C.A. § 160(b). Labor Management Relations Act, 1947, Sec. 101.

**3.** U. S. v. Morena, 245 U.S. 392, 38 S.Ct. 151, 62 L.Ed. 359; Sohn v. Waterson, 17 Wall. 596, 21 L.Ed. 737; American Mutual Liability Ins. Co. v. Lowe, 3 Cir., 85 F.2d 625; Joanna Cotton Mills v. N. L. R. B., 4 Cir., 176 F.2d 749.

**4.** 16 Stat. 431, 1 U.S.C.A. § 109.

that "A limitation statute will not be retroactively applied to cover causes of action already in existence unless that intent is clear";[5] and in that long line of cases[6] from this court and others holding that the amendment to the National Labor Relations Act did not, except as precisely provided in it, abate or otherwise affect pending charges.

Read in the light of these established views, the statute is seen to confer upon the Board full and unlimited power to issue a complaint upon any and all charges on file with it, without regard to the date of their filing, subject only to the time limitation in the proviso.

Had the congress intended the proviso to be retroactively jurisdictional, it would have read, "provided the Board shall have no power to issue, etc.". Had it so read, but for the fact that the required notice had already been given before the enactment of the statute, respondent would have had a strong position, for such a proviso, being jurisdictional, would have had to be strictly complied with.

That the statute is a new statute of limitations, fixing a period of six months after it takes effect, and not of jurisdiction, retroactively fixing a limit upon the Board's power, is made further clear, we think, by the committee reports showing that a limitation on the power of the Board to issue a complaint was proposed and rejected, the congress preferring to enact a limitation statute, fixing a time within which to file and/or serve notice of charges, rather than a jurisdictional statute, limiting the complaint power of the Board.

In United States v. Union Planters National Bank, 5 Cir., 175, F.2d 684, this court has had recent occasion to give full consideration to the question of the retroactivity of a statute fixing time limitations upon the right to sue where there has been no such limitation before. Pointing out the normal presumption against the retroactivity of such statutes, we found in that statute, and in the proceedings attending its enactment, the clearest evidence of congressional intent to apply the statute specifically and retroactively as written to completely restrict the right to sue on claims except in accordance with the statute.

Here we do find clear evidence that, in so far as the statute deals with the Board's power, the enabling words of the act do have retroactive operation so as to include in the Board's power to issue complaints all cases in which charges are filed, without regard to whether they were filed before or after the amendment.

 We find further, however, that the proviso was not intended to operate to cut off proceedings based on charges already filed, where either the statute had been substantially complied with before it became effective or was complied with within six months thereafter.

Enforcement of the Board's orders in all of these cases will be granted.

---

5. McCloskey & Co. v. Eckart, 5 Cir., 164 F.2d 257, 260; Cf. U. S. v. Union Planters National Bank, 5 Cir., 175 F.2d 684.

6. Among these may be cited: N. L. R. B. v. Gate City Cotton Mills, 5 Cir., 167 F.2d 647; N. L. R. B. v. Caroline Mills, 5 Cir., 167 F.2d 212; N. L. R. B. v. Whittenburg, 5 Cir., 165 F.2d 102.