5. This admission is a general one. As a matter of fact, this particular contract

**FORD MOTOR CO. v. UNITED STATES.**

No. 11234.

United States Court of Appeals
Sixth Circuit.
March 30, 1951.

Duane D. Freese, Dearborn, Mich., (William T. Gossett, Duane D. Freese, Dearborn, Mich., on the brief), for appellant.

Leavenworth Colby, Washington, D. C. (Newell A. Clapp, Leavenworth Colby, Washington, D. C., Edward T. Kane, Detroit, Mich., on the brief), for appellee.

Before SIMONS, MARTIN and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

On May 2, 1945, the government-owned but General Agency operated, Steamer

was entered into before the tax statute was passed.

"Drexel Victory," collided with the appellant's dock at Richmond, California, causing substantial injuries to the dock, its equipment and property thereon. For the recovery of damages the appellant filed its libel in the district court on October 27, 1949. The appellee moved to dismiss on the ground that the claim was barred by the provisions of applicable statutes. This appeal challenges that order.

The determinative issue involves interpretation of several federal enactments and their impact upon each other, and clarification requires recital of their provisions in respect to the right to sue the United States, based upon asserted waivers of sovereign immunity. When, on May 2, 1945, the collision occurred, the appellant had no remedy, for under then existing law, admiralty and maritime jurisdiction in respect of claims arising out of maritime torts, did not extend to claims for damages suffered on land. Cleveland Terminal & Valley R. R. Co. v. Cleveland S. S. Co., 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508; The Troy, 208 U.S. 321, 28 S.Ct. 416, 52 L.Ed. 512; Martin v. West, 222 U.S. 191, 32 S.Ct. 42, 56 L.Ed. 159, 36 L.R.A.,N.S., 592.

On August 2, 1946, Congress passed the Federal Tort Claims Act, 28 U.S.C. § 921 et seq., which for the first time provided a remedy against the government for torts committed by its agents. It was available to the appellant if suit was brought on or before August 2, 1947, for the Act contained a one year period of limitation. No suit was, however, brought within the permissible period. On June 19, 1948, the Congress amended the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 745, by the Extension of Admiralty Jurisdiction Act, 46 U.S.C.A. § 740. That amendment extended the admiralty and maritime jurisdiction of the United States to include all cases of damage or injury, to persons or property, caused by a vessel on navigable waters, notwithstanding that such damage or injury be done or consummated on land. It contained the following proviso: "Provided, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable

waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the *exclusive remedy* for all causes of action arising after the date of the passage of this Act and *for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act*".

The original Suits in Admiralty Act provided for a two year period of limitation which was in no wise changed by the Extension of the Admiralty Jurisdiction Act. If that limitation controls, the appellant's suit in 1949 was barred because it was brought more than two years after the cause of action arose. If the new remedy incorporated by reference the period of limitation provided in the original Federal Tort Claims Act, but dating from the effective date of the amended admiralty law, the suit was still barred because the year provided by the Tort Claims Act had expired when the libel was filed. However, on April 25, 1949, Congress enacted Public Law 55, recodified as 28 U.S.C.A. § 2401(b), which amended the Federal Tort Claims Act to extend the limitation therein to two years, or up to April 25, 1950, whichever was later; and it is the effect of this amendment upon the appellant's right to sue which constitutes the nub of the controversy.

The contention of the appellant is that the applicable period set forth in the Federal Tort Claims Act as amended, retroactively permits suit to be filed at any time prior to April 25, 1950, or, in the alternative, within two years from June 19, 1948, and that its libel was therefore timely. The United States insists the limitation period contained in the Suits in Admiralty Act, which was not amended by the Extension of Admiralty Jurisdiction Act, nor by the amended Tort Claims Act, limits the time within which to bring suit, to the two years following the date when the cause of action arose, and so bars the libel.

The appellant supports its position by contending that the Congress clearly intended, in amending § 2401(b) of the Federal Tort Claims Act, to put all claimants whose rights in tort against the government had previously become time-barred, under the original one year statute of limitations,

on a parity, and not to deny this relief to the few claimants whose damage arose through torts involving government-owned vessels. It denies present applicability of cases which hold that waivers of sovereign immunity must be strictly construed, and asserts that the present trend of decisions indicates that such a narrow interpretation of waivers is not justifiable, in reliance upon Canadian Aviator, Limited v. U. S., 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901, and cases there cited, and upon Osbourne v. United States, 2 Cir., 164 F.2d 767. It also asserts what it believes to be a well-established principle of law, that an existing right of action cannot be taken away by legislation shortening the burden of limitation to a time which has already run. United States v. Morena, 245 U.S. 392, 38 S.Ct. 151, 62 L.Ed. 359. It also points to the report of the Committee on the Judiciary of the House, U. S. Code, Congressional Service, 1949, pages 1226 to 1229, which explained that the existing limitation of one year in the Federal Tort Claims Act was manifestly unjust and not in consonance with the practice prevailing in analogous departments of the law.

This argument overlooks a number of circumstances which appear to us to be important in seeking Congressional intent. In the first place, and assuming the establishment of the principle that the law may not take away an existing right of action by legislation shortening the period of limitation, it must be noted that the Extension of the Admiralty Jurisdiction amendment did not shorten any period of limitation but enlarged it if it placed certain claims within the admiralty jurisdiction. Secondly, even if the Act, by reference, incorporated the time limitation period of the original Tort Claims Act upon the principle of statutory integration, it does not follow that it likewise incorporated a time limitation period in a statute not then in force but passed nine months later. Thirdly, by the express terms of the Act of June 19, 1948, the Congress made a new classification of torts in respect to which it waived its sovereign immunity by placing all claims for injury or damages done by vessels on navigable waters wherein the damage was consummated on land, within the exclusive admiralty jurisdiction. The excepting of claims previously filed under the Federal Tort Claims Act, was clearly but a saving clause to preserve the actions already begun under that Act. Lastly, the House Judiciary report is susceptible to no such interpretation as the appellant suggests when it recited that the reported bill would enlarge the period for filing to two years from the date of accrual of the cause of action, or one year from the effective date of the Act, whichever occurs later. The committee was speaking, however, of a proposed amendment to the Federal Tort Claims Act, when it said: "It will be observed, then, from the foregoing statistics, that the existing limitation of 1 year in the Federal Tort Claims Act is manifestly unjust and not in consonance with the practice prevailing in analogous departments etc." This was not and could not have been said of the Suits in Admiralty Act, either as originally enacted or as amended in 1948, because the period of limitation there provided was two years from the time the cause of action arose, and not one year.

The appellant's argument may have persuasive force only if the amended Tort Claims Act can be said to amend the Suits in Admiralty Act, and so to enlarge the period provided by that Act within which suit can be brought. We find nothing, however, in the amended Tort Claims Act to support a view that such amendment was either made or intended. The Admiralty Law already permitted a two year period for the bringing of suit. The Congress was concerned only with the Tort Claims Act and with cases that remained within its ambit after maritime torts had been transferred to the exclusive jurisdiction of admiralty courts. Our conclusion is that the two year period of limitation provided in the Suits in Admiralty Act controls the present controversy and that it was not enlarged by the later amendment to the Tort Claims Act. We are not persuaded that this view is erroneous by the finely spun arguments drawn from merely

fortuitous phrasing of other sections of the Suits in Admiralty Act, and find no occasion to consider the effect of the libellant's failure to allege a six months notice of claim to the federal agency.

The decree is affirmed.