Petition for Naturalization of George Max Charles WOLFF.
United States of America, Appellant.
No. 12888.

United States Court of Appeals Third Circuit.

Argued June 12, 1959.

Decided Sept. 16, 1959.

James P. Dornberger, Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellant.

George Gershenfeld, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

BIGGS, Chief Judge.

The appellee, Wolff, a native of Germany, was admitted for permanent residence in the United States in April 1948 and filed a declaration of intention to become a citizen of the United States on September 17, 1948, pursuant to the provisions of Section 331 of the Nationality Act of 1940, 8 U.S.C. Section 731 (1946 ed.). That statute provided that a petition for naturalization had to be filed within seven years of the date of filing of a declaration of intention or a petition for naturalization could not validly be filed. Wolff did not file a petition for naturalization until July 16, 1958. The Nationality Act of 1940 was repealed by the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., and Section 334 (f) of that Act, 8 U.S.C.A. § 1445(f) dispensed with the filing of a declaration of intention as a prerequisite to citizenship.

The 1952 Act worked other changes in respect to requisites for admission to citizenship. It provided for five years residence in the United States by the applicant and also that the applicant must be physically present therein for at least two and one half years prior to the filing of his petition for naturalization. 8 U.S.C.A. § 1427. It is conceded by Wolff that he cannot meet the latter requirement since he has been physically present in the United States for only about nine months in the five years preceding the filing of his petition.[1] An Examiner of the Immigration and Naturalization Service deemed this fact to bar Wolff from citizenship. Wolff sought review in the court below which held he was entitled to citizenship. The appeal at bar followed.

Wolff contends that by virtue of the provisions of Section 405(a) of the 1952 Act, 8 U.S.C.A. § 1101 note, the so-called "savings clause", he acquired a "status", a "condition" or "right in process of acquisition", which validates his petition for naturalization and entitles him to citizenship. Section 405(a) provides: "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certificate of citizenship, warrant of arrest, order or warrant of deportation, order of exclusion, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes [*sic* [2]], conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect. * * * *"

Wolff's contention is based on language in the opinion in United States v. Menasche, 1955, 348 U.S. 528, 536, 75 S.Ct. 513, 518, 99 L.Ed. 615 as follows: "It could be argued in the present case that it was Menasche's residence, rather than his filing of the declaration, which gave rise to his rights under § 405(a). And this approach would have the virtue of eliminating the inequitable treatment envisaged by the Government as regards those special groups of aliens who did not have to file declarations as a prerequisite to citizenship. But while our decision could be rested on this ground, it is sufficient here merely to refer to the provision in § 405(a), derived verbatim from § 347 (a) of the 1940 Act, preserving the 'validity' of declarations of intention 'valid at the time this Act shall take effect.' "

The argument advanced by Wolff and accepted by the court below runs as follows, as we grasp it. Menasche was admitted for permanent residence in the United States on March 7, 1948, and in the following month filed his declaration to become a citizen. He was absent from the United States for various periods, aggregating some forty-four months, but he did not at any time abandon his American residence. Under the Nationality Act of 1940 he would have been entitled to have been naturalized on completing five years of residence on March 7, 1953. But before this five-year period could elapse the Immigration and Nationality Act replaced the 1940 Act on December 24, 1952. The 1952 Act imposed the necessity of physical presence for at least one half of the five-year residence period. It was clear, therefore, as was said in Menasche, that if the 1952 Act applied to his case he could not be naturalized while if the provisions of the 1940 Act were applicable he was eligible for citizenship. The

---

[1] The reason for this is that Wolff is and was employed as a salesman for an American locomotive company in South America and spends much of his time there.

[2] Undoubtedly, the word intended was "statuses".

Supreme Court, however, stated categorically, albeit by way of dictum, that a decision in Menasche's favor could have been rested on residence rather than the filing of a declaration of intention.

Wolff asserts that because he has met the residence requirements of the 1940 Act he is entitled to citizenship, despite the fact that he cannot meet the physical presence requirement of the 1952 Act and did not file his petition for naturalization within the seven years required by the 1940 Act. Phrasing his contentions in another way, he states, in substance, that his residence in the United States gives him status, a right to citizenship in process of acquisition, and that under Menasche it is residence that counts. Thus, says Wolff, does Section 405(a) preserve his right to citizenship.

The United States asserts, however, that while Section 405(a) preserves status for citizenship and rights in process of acquisition under the 1940 Act, Wolff's rights have been lost because he failed to file his petition for naturalization within seven years of the time of filing his declaration. In other words says the United States, Wolff's right to proceed to citizenship under the 1940 Act has been lost for failure to comply with the seven-year proviso of that statute. He must, therefore, proceed under the 1952 Act and he cannot meet the physical presence requirement of that statute.

■ The decision of the Supreme Court in Menasche[3] seems to require a result different from that contended for by the United States. Mr. Justice Clark

stated in the Menasche opinion, quoted above, that the decision of the Court could be based on Menasche's residence rather than on the filing of his declaration of intention to become a citizen and that it was residence rather than the filing of the declaration which gave rise to his rights under Section 405(a). If we correctly construe the dictum in Menasche it would mean that residence alone must be deemed to be a status, an essential part of a right to citizenship in process of acquisition and that anyone who had acquired residence under the 1940 Act may proceed under that statute to citizenship. It follows that since Wolff possesses residence status under the 1940 Act,[4] and residence was stated in Menasche as being the basis upon which the decision in that case could have been rested, it is our opinion that Wolff is entitled to citizenship. Strict compliance with the 1940 Act would, of course, require him to file a new declaration of intention and then wait two years before filing his petition for naturalization. But this would seem to be a futility under the circumstances of the case at bar in view of the fact that the 1952 Act has dispensed with the requirement of declaration of intention to become a citizen.

The result we concede is somewhat anomalous and it can be argued that this court is giving to Wolff the benefits of those provisions of both the 1940 Act and the 1952 Act which serve his purpose to acquire citizenship despite the fact that he is unable to literally comply with the provisions of either Act but we think the result is compelled by Menasche.[5]

3. Menasche had complied with all of the provisions of the 1940 Act. He had filed his petition for naturalization within the time prescribed by that statute. It is in this respect only that the circumstances of the case at bar differ substantially from those of Menasche.

4. See 8 U.S.C. § 707 (1946 ed.) now § 1427(a) (1) which provides in part:
"(a) No person, except as hereinafter provided in this chapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided con-

tinuously within the United States for at least five years * * *."

5. See 8 U.S.C. § 731 (1946 ed.) now § 1445(f).
We are, of course, troubled by the statement in Menasche, 348 U.S. at page 530, 75 S.Ct. at page 515: "Thus, if the 1952 Act applies to respondent's case, it is clear that he may not be naturalized, while under the 1940 Act he is admittedly eligible for citizenship." It should be borne in mind, however, as Mr. Justice Clark pointed out in connection with the application of Section 405(a), 348 U.S. at page 538, 75 S.Ct. at page 520, that

That the United States is entitled to maintain its appeal to this court from the decree of naturalization despite the delivery of a certificate of citizenship to Wolff is so well established that no extensive citation of authorities is necessary in support of that proposition. But see United States v. Morena, 1918, 245 U.S. 392, 38 S.Ct. 151, 62 L.Ed. 359 and United States v. Ovens, 4 Cir., 1926, 13 F.2d 376.

The judgment will be affirmed.

" 'The cardinal principle of statutory construction is to save and not to destroy' ", citing National Labor Relations Board v. Jones & Laughlin Steel Corp., 1937, 301 U.S. 1, 30, 57 S.Ct. 615, 81 L.Ed. 893. Mr. Justice Clark went on to say: "It is our duty 'to give effect, if possible, to every clause and word of a statute,' " citing Inhabitants of Montclair Township v. Ramsdell, 1882, 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431.