**C. C. SANDERLIN, Libelant,**

v.

**OLD DOMINION STEVEDORING COR-
PORATION, Respondent.**

No. 8647.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 12, 1966.

Kelsey & Rabinowitz, Sidney H. Kelsey, Norfolk, Va., for libelant.

Vandeventer, Black, Meredith & Martin, Walter B. Martin, Jr., Norfolk, Va., for respondent.

## MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

Filed prior to the effective date of the new Rules merging, with certain exceptions, the civil and admiralty practice heretofore followed, the controlling issue is—

Does admiralty have jurisdiction over an action for personal injuries filed by a shipowner's employee against a stevedore where the accident occurred on a pier?

Since the injury did not occur on navigable waters, as the pier is considered an extension of the land, libelant does not allege jurisdiction under any theory of tort. He relies upon the existence of a maritime contract in that his

282

employer-shipowner and the respondent-stevedore agreed that the stevedore would "load and/or discharge in a safe, proper and workmanlike manner". He alleges that he is a third-party beneficiary to said contract. He was serving as a checker for the shipowner when allegedly struck from the rear by a forklift operated on the pier by an employee of the stevedore who was then engaged in working cargo from a different vessel, but each vessel was operated by libelant's employer (States Marine–Isthmian Agency, Inc.) and respondent had a contract as to each vessel.

No diversity of citizenship exists as between the libelant and respondent. Hence, unless jurisdiction exists in admiralty, libelant is confined to his remedy in the state court.

■■ A contract respecting loading and unloading between the shipowner and stevedore is undoubtedly a maritime contract. American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947). The crux of this case is, therefore, whether the libelant (an employee of the shipowner) is a third-party beneficiary of the contract between the shipowner and the stevedore. We hold that he is not, and therefore no jurisdiction exists.

Libelant quotes at length from the recent opinion of Chief Judge Thomsen in Thomson v. Chesapeake Yacht Club, Inc., 255 F.Supp. 555 (D.Md., 1966), where, after initially concluding that the case was not within the admiralty jurisdiction, a supplemental opinion was filed in which libelant alleged in an amended libel that "respondent agreed to provide marina, wharfage and pierage services to libellant and his vessel, and whereby respondent warranted to libellant a safe berth for his vessel and a safe pier for access between the vessel and shore". Manifestly the supplemental opinion was predicated on the fact that libelant was a member of a club which was an integral part of an association extending reciprocal dockage and other services to members of clubs, including the respondent. Thus, Judge Thomsen concluded, there was a maritime status between the parties in that libelant was a member of club "A" which had a reciprocal agreement with other clubs including the respondent. The supplemental opinion contains no discussion of libelant's rights as a third-party beneficiary.

We fully recognize the expanding scope of the modern law recognizing rights in third-party beneficiaries. In Crumady v. The J. H. Fisser, 358 U.S. 423, 428, 79 S.Ct. 445, 448, 3 L.Ed.2d 413 (1959), it is said:

> "The warranty which a stevedore owes when he goes aboard a vessel to perform services is plainly for the benefit of the vessel whether the vessel's owners are parties to the contract or not."

As indicated in *Crumady* the stevedore's warranty of workmanlike service is "comparable to a manufacturer's warranty of the soundness of its manufactured product". This is so because the stevedore is an expert in the field of loading and unloading vessels. In such a situation the vessel is a third-party beneficiary of the contract and is entitled to recover over from the stevedore for any liability incurred by reason of the stevedore's breach of any warranty even though the shipowner was not a named party to the contract.

■ Here, however, the work of the plaintiff was that of a checker of cargo being discharged from the vessel to the pier. Indeed, it appears from the allegations of the libel that the libelant had left the vessel in order to inspect and check cargo taken from the ship onto the dock when, while walking on the dock, he was struck from the rear by the forklift being operated by an employee of the respondent. This is a far cry from the third-party beneficiary rule pronounced in *Crumady*. At most, the libelant was a mere incidental or consequential beneficiary of the contract wherein the stevedore agreed to "load and/or discharge in a safe, proper and workmanlike manner." It is, of course, fundamental that an incidental or consequential beneficiary has no right to maintain an action

under such circumstances. 17A C.J.S. Contracts § 519(4), p. 966; 17 Am.Jur., Contracts, § 307, p. 732.

This is not a case in which the libelant has recovered in an action against the shipowner occasioned by the improper performance of the contract by the stevedore. Nor are the recent cases of Waterman Steamship Corp. v. Dugan & McNamara, 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960), and Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964), in point.

Respondent is likewise mistaken in relying upon Hastings v. Mann, 340 F.2d 910 (4 Cir., 1965), cert. den. 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153, as no maritime contract was alleged in that case. It is generally conceded that jurisdiction of torts, independent of any maritime nature and any maritime subject matter of the parties' relationship, depends exclusively upon the place of the tort's occurrence. The Plymouth, 70 U.S. (3 Wall.) 20, 18 L.Ed. 125; Martin v. West, 222 U.S. 191, 32 S.Ct. 42, 56 L.Ed. 159; The Troy, 208 U.S. 321, 28 S.Ct. 416, 52 L.Ed. 512. But where the relationship of the parties *directly* pertains to a maritime contract, an action may be enforced in admiralty whether the resulting damage occurs ashore or aboard ship. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 42, 63 S.Ct. 488, 87 L.Ed. 596; North Pac. S. S. Co. v. Hall Bros., 249 U.S. 119, 125, 39 S.Ct. 221, 63 L.Ed. 510; United States v. Standard Oil Co., 156 F.2d 312 (9 Cir., 1946); Sidney Blumenthal & Co. v. United States, 30 F.2d 247 (2 Cir.), cert. den. Admiral-Oriental Line v. United States, 279 U.S. 847, 49 S.Ct. 345, 73 L.Ed. 991 (1929).

There being nothing in the contract between the shipowner and stevedore justifying the libelant to maintain an action as a third-party beneficiary, the respondent's exceptions to the libel are sustained and the action must be dismissed for want of diversity jurisdiction.

Present order.