## LOWNSDALE et al. v. GRAY'S HARBOR BOOM CO.

(Circuit Court, D. Washington, W. D. September 27, 1902.)

1. FEDERAL COURTS—PLEADING JURISDICTIONAL FACTS.

The facts essential to give a federal court jurisdiction must be positively alleged, and not left to inference. An allegation in a bill that defendant "claims to be" a corporation organized under the laws of a state as a boom company, coupled with a denial that it has the rights of such a company, is not a sufficient allegation that defendant is a citizen of such state for jurisdictional purposes.

2. EQUITY JURISDICTION—PROTECTION OF RIGHTS IN LANDS — DISPUTED TITLE.

A federal court of equity is without jurisdiction of a suit to enjoin a boom company from obstructing a navigable stream by maintaining a log boom therein, and from continuing to occupy the boom site which plaintiff claims to own as an appurtenance to lands lying on the stream, where defendant denies plaintiff's title to the lands, and also that the boom site is an appurtenance thereto, and claims ownership of the same through purchase of the bed of the stream from the state as tide lands, and the right to maintain the boom by virtue of its franchise under the laws of the state. In such case plaintiff's right to relief depends upon his title, which, being disputed, must be established by an action at law before a court of equity will grant an injunction to protect his rights, or to interfere with the use by defendant of property of which it is in possession.

3. SAME—ABATEMENT OF PUBLIC NUISANCE.

A court of equity will not entertain a suit by a private individual to abate a public nuisance consisting of an alleged unlawful obstruction of a navigable stream, where the only special injury claimed by plaintiff is incidental to his ownership of land on the stream, which he does not occupy, and his title to which is disputed.

In Equity. Suit to enjoin the maintenance of a boom in a navigable river by defendant, and to recover damages.

J. W. Robinson and J. C. Cross, for plaintiffs.

Bush & Fox and J. B. Bridges (W. L. Sahse, of counsel), for defendant.

HANFORD, District Judge. Pursuant to a stipulation signed by the attorneys on behalf of the parties, this cause was submitted to the court without oral argument, and on each side able and elaborate written arguments have been filed, in which all technical points which might avoid a true determination according to the merits have been waived so far as the parties have a right to waive them; and I have spent considerable time in reading and considering the arguments and authorities cited, as well as the pleadings and the evidence, with the purpose of rendering a decision upon the questions argued. The parties cannot, however, by consenting to the submission of a cause, confer jurisdiction, if the case is not one which meets the prescribed conditions essential to make it cognizable in the court in which the parties have brought it. It is useless to proceed without jurisdiction. The court must consider whether it has jurisdiction, even when the parties have assumed and taken for granted that jurisdiction exists. I have therefore given attention to this important question, and have

¶ 1. Averments of citizenship to show jurisdiction in federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

¶ 2. See Injunction, vol. 27, Cent. Dig. §§ 83, 84.

reached the conclusion that the case must be dismissed for want of jurisdiction.

It was manifestly the intention of the complainants to invoke federal jurisdiction, on the ground that the case involves a controversy between citizens of different states; but the allegations of the bill of complaint are not sufficient to satisfy the rule, which requires that the jurisdictional facts must be clearly shown by positive averments, and not be left to be inferred or guessed at. The complainants do state positively that they are citizens of the state of Oregon, and the defendant is described in the following words:

"The defendant, the Gray's Harbor Boom Company, claims to be a corporation organized and existing under the laws of the state of Washington as a boom company, and that at all the times hereinafter mentioned it has made claim, and does now make claim, that it was and is a corporation organized and existing as a boom company, under the statutes of the state of Washington, in possession of the powers belonging to boom companies; but in making this allegation these plaintiffs do not concede or intend to allege that the Gray's Harbor Boom Company ever complied with the laws of the state of Washington with reference to boom companies, so far as it relates to the occupation or use of the premises, banks, shore lands, shore lines, or shore rights hereinafter described, but allege the facts to be that it has not now, and never had, any rights as a boom company with reference to the premises, shore lands, shore lines, and shore rights hereinafter described as belonging to these plaintiffs."

This is not a positive allegation of any fact. Instead of the essential averment that the defendant was at the time of the commencement of the suit a corporation organized and existing under the laws of the state of Washington, and a citizen of said state, the bill avers that the defendant claims to be such corporation, and in the same connection denies that it has certain rights which it claims as a boom company, thereby raising a question whether any real defendant has been sued. If individuals are falsely claiming to be organized as a corporation, they should be sued as individuals. The jurisdiction of this court cannot be supported upon any such straddling and uncertain pleading. If the complainants should elect to do so, the bill of complaint might be amended in this particular, provided the facts warrant an amendment; and, if there were no other impediment to the proceeding in this court, an application to amend, if made, would be granted, and so the labor and expense of the litigation would not necessarily be lost.

There is, in my opinion, however, an incurable fault, in this: that the subject-matter is not within the equitable jurisdiction of a United States circuit court. The written argument filed in behalf of the defendant contains the following recital of the material facts of the case, which has not been controverted by the complainants, and is sufficiently accurate to be adopted as the basis of this decision:

"Some years ago, and before the organization of the defendant, the plaintiffs claim to have purchased the lands described in the complaint, by contract with the state of Washington. Contract number 383, to a part of the land, was between the state and J. P. O. Lownsdale. Contracts numbers 380 and 381 were between the state and one John Backus. This land is at the mouth of the Humptulips river, and borders on Gray's Harbor. Through at least a part of this land runs the aforesaid river, which empties into Gray's Harbor; its mouth being near or within the land in question. This river is for many miles inland navigable for floating saw logs and at its mouth and for a short distance up the river is navigable to small craft. Just about the

beginning of said lands a large slough makes off from the river to the westward. The river on this land, by its bends, makes an 'S.' Commencing just below the big slough, defendant has constructed its boom works, extending to where the river leaves this land. The construction of the boom works is as such works are usually constructed; being near the middle of the river from the mouth of the big slough, up to where it strikes the sand island; thence around the island. At a convenient place below the island is a gap or gate, through which boats may go. Unless the boom is entirely filled with logs above the gap, there is no obstruction to navigation. If the river is filled with logs above the gap, there is for a time some obstruction to navigation. At mean high tide the big slough is from twelve to twenty feet deep, and at its mouth about three hundred feet wide, and gradually decreases in size and width, but is navigable for saw logs until after it leaves the land in question. Where the big slough moves off from the river, it (the river) is about three hundred and fifty feet wide. When the tide sets in, logs coming down the river will naturally go up the large slough. There are no boom works along a part of the westerly bank of the river. There are many millions of timber which will come to market down this river. The river is a very important highway for floatage of saw logs, being the only way of getting the timber which is tributary to this river to market. Last year about ten million feet came into the boom; the previous year, about seven million. This year a much larger number of logs will come into the boom. The defendant's boom is at or near the mouth of the Humptulips river. There is no other boom on the river below that of the defendant. The defendant was incorporated in 1893 under the Laws of 1890, State of Washington. The logs put into the river above come down the river in large quantities when there is a freshet in the river. At some such times the boom and the river above the island are completely filled with logs and rubbish, and by the rush of the waters the logs are piled several high above the water, and several feet deep below the surface of the water. It is the effort of the defendant at such times to clean the river by filling the big slough, but at times enough logs will come down to fill both the slough and the boom and river up to the island or above. The river is a swift one, and particularly so when in freshet. The soil of the banks is soft. Plaintiffs' land is not under fence or cultivated. The land has but little value, unless it be for a boom site. Extreme high water or extreme high tides flood most of the lands. That defendant has all tide lands adjoining said lands under contract of purchase."

The bill of complaint avers that complainants are owners of the land therein described, that the same is specially valuable as a site for a log boom, and charges that the defendant wrongfully entered thereon in the year 1893, and has ever since occupied and used a portion thereof, including the river and the slough, and the banks thereof, and certain buildings thereon; and in the argument for the plaintiffs the object of the suit and the material issues are stated as follows:

Object of the suit: "This is an action to recover certain portions of lots 1, 2, and 3 in section 16, township 18 north, range 11 west, in Chehalis county, Washington, abutting on the Humptulips river and a large slough leading out of the river near its mouth, and to recover damages for the unlawful detention of and injury to the said lands and premises, and to recover the rental value of the said lands and premises, and to enjoin the defendant from further use of and injury to the said lands and premises."

Issues: "(1) As to the ownership of the property embraced in plaintiffs' complaint, and consequently plaintiffs' right to maintain this action. (2) Plaintiffs' right to injunctive relief against defendant, prohibiting and restraining it from further occupancy and use of and damage to plaintiffs' property, as well as prohibiting it from obstructing the water way in front of plaintiffs' property. (3) The value of the use of plaintiffs' property, as made by the defendant in building, maintaining, and operating its boom. (4) The question of damage to plaintiffs' property resulting from the construction and operation of plaintiffs' boom, by way of erosions, changes of channels, formation of sand bars, etc."

The complainants contend that the principal part of the relief demanded is an injunction, and that the case is one of equitable cognizance; the recovery of damages being an incidental and minor consideration. The prayer for an injunction contained in the bill of complaint is as follows:

"That the Gray's Harbor Boom Company, upon the final hearing herein, be perpetually enjoined from in any manner interfering with or trespassing upon the premises of the plaintiffs in this complaint described, and from obstructing the said river or said slough."

This prayer follows a prayer for the restitution of the premises, for damages, and for general relief and costs.

From the foregoing it is apparent that the real controversy between the parties is with respect to the right of the defendant to continue the maintenance and use of the boom located at the mouth of the Humptulips river, which it constructed, and now has possession of. The conditions are such that a boom is needed at that location for saving the logs, which must be brought to market by floating down the river. The site, therefore, is valuable for that purpose, and the complainants claim title to it as being appurtenant to the land which they claim to own. The defendant denies their title to the land, and also disputes the right of the owner of the land to claim the boom site as being appurtenant thereto, and claims title to the boom by virtue of a franchise acquired by compliance with the laws of the state of Washington, and claims ownership of the boom site by virtue of contracts for the purchase of the bed of the river and slough, as tide lands, from the state of Washington. By tendering an issue as to their ownership of the land and of the boom site, the complainants require the court to decide a disputed question of title to real estate in the possession of the defendant, and by its process to dispossess the defendant and award damages. With respect to these matters the complainants certainly have a plain, adequate, and complete remedy at law, and both parties have a constitutional right to have these issues determined by the verdict of a jury. Discussion of this branch of the case is unnecessary, because the subject is exhaustively treated in the opinion of the supreme court, by Mr. Justice Field, in the case of Whitehead v. Shattuck, 138 U. S. 146–156, 11 Sup. Ct. 276, 34 L. Ed. 873.

The question of jurisdiction, however, must be considered with reference to the prayer for an injunction. An analysis of the prayer, which is quoted above, shows that it is divisible into two parts; that is to say, it has two objects or purposes. One is an injunction to prevent continuing trespasses upon and interference with real estate by a defendant in possession thereof; and the other is an injunction against the maintenance of obstructions to navigation in public navigable waters, which the defendant has constructed to serve a useful purpose, claiming a right to do so under the laws of the state. These objects or purposes will be considered separately, in the order stated.

With respect to the first, it is contrary to a general rule of equity practice to grant an injunction, in favor of a complainant whose title is disputed, to restrain trespasses upon land in the possession of the defendant. A modification of this rule is admitted when the defendant is committing waste or irreparable injury, as by destroying val-

uable trees upon the land, or extracting and removing minerals therefrom. Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116. The purpose for which injunctions are granted under this modification of the general rule is to prevent irreparable mischief and maintain the status quo during the pendency of litigation to obtain an adjudication of disputed questions as to the ownership of the property. This is impracticable in this case, for the reason that the only threatened injury to the land in controversy is by obstructing the river so as to cause the water to cut into the banks and wash the soil away. Such injury cannot be prevented by an injunction, otherwise than by a mandatory injunction, requiring the boom to be destroyed, and entire removal of the dolphins and piles set into the bed of the river to hold the boom sticks in place. That form of injunction would change the status quo, instead of preserving it, and destroy property before an adjudication of the defendant's rights respecting the same by a court of competent jurisdiction can be obtained.

Passing now to consideration of the proposed injunction against the alleged obstruction to navigation: If the boom is an obstruction not authorized by law, it is a public nuisance, which may be abated by proper proceedings instituted in behalf of the state or the United States government. It is essential to the maintenance of a suit by any individual to abate a public nuisance for the complainant to show that he is peculiarly affected and especially injured by it. In this case the complainants do not claim to be peculiarly affected or specially injured by the obstruction of navigation, except as owners of the land described in their complaint. They aver that the boom and the logs which it holds constitute a barrier to free ingress and egress to and from the land. Their right, therefore, to complain of the obstruction of navigation and travel upon the river and slough, depends upon their ownership of the land, which is disputed, and until their title to the land shall have been established they cannot prove any special injury. It is true, they claim that their title is fully established by uncontradicted evidence which they have submitted in this case, but the defendant questions the sufficiency of their evidence, and, if I were authorized to decide the questions affecting their title, I would consider the evidence insufficient to establish their claim to the boom site as a valid claim adverse to the state of Washington or its grantee of the tide lands. But the questions as to the validity of their claim and extent of their proprietary rights is not for this court to decide, because a court of equity will not assume jurisdiction to adjudicate disputed questions of title in order to exert its power to protect a right which is a mere incident of ownership. Deprivation of a right to ingress and egress to and from premises not actually occupied and used by the owner is not an irreparable injury similar to the cutting down of valuable trees, but is such an injury as may be taken into account and compensated in assessing damages by a court which may take cognizance of the main controversy.

For the reasons above given, it is my opinion that the case as made by the pleadings and evidence is not one in which the complainants are entitled to relief in a court of equity. Let a decree be entered dismissing the suit for want of jurisdiction.