**TULLY et al.**
v.
**BAUER–SMITH DREDGING CO.**
Civ. A. No. 2471.

United States District Court
E. D. Texas, Beaumont Division.
Nov. 19, 1953.

George A. Weller, Marcus & Weller, Beaumont, Tex., for plaintiffs.

Theodore G. Schirmeyer, Houston, Tex., for defendants.

DAWKINS, Sr., District Judge.

Plaintiffs sued in the State Court the contractor and its agents under a dredging contract with the Government, for damages alleged to have been caused to its rice crop by depositing spoil and pumping brackish or salt water into certain streams and a basin in violation of the terms of the contract with the Government. The cause of action, as the complaint states it, does not charge any wrongful act by the United States, but that the contractor, through its agents, willfully trespassed upon plaintiff's property in the manner stated.

Both plaintiffs and defendants are citizens of Texas.

Defendant Dredging Company removed the case to this Court on the contention that it involved the interpretation of the Federal Constitution and Statutes. It asserts that the Government is an indispensable party, or in any event, interstate commerce is involved; and further, that the matter falls within the maritime jurisdiction of this Court.

Without finding it necessary to engage in an extended discussion of the authorities relied upon by the respective parties, it is felt sufficient to say that plaintiffs chose to pitch their case on the contention that the defendants had committed a willful trespass, entirely outside of and

beyond the provisions of their contract, whether induced to do so by the Board of Engineers or not. It seems to go without saying that plaintiff will have to make good on its proof, and if it fails to do so, will simply lose its case. If the engineers have exceeded their authority under the contract, this would be no more binding upon the plaintiff than what was done by the defendant and its agents. Both would be liable in tort.

Of the many cases cited and quoted from by the parties, it is thought that the following most nearly fit the situation presented by the present action: Nakasheff v. Continental Insurance Company, D.C., 89 F.Supp. 87; Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118; and Payne v. Fite, 5 Cir., 184 F.2d 977.

There being no federal question involved and the parties both citizens of Texas, the case should be remanded to the State Court where it originated. Proper decree may be presented.