**CHAMBERS–LIBERTY COUNTIES NAV-
IGATION DISTRICT, Plaintiff,**

v.

**PARKER BROTHERS & CO., Inc.,
Defendant.**

**No. 66–G–51.**

United States District Court
S. D. Texas,
Galveston Division.

Jan. 17, 1967.

Chap B. Cain, Jr., Liberty, Tex., for plaintiff.

William Key Wilde, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

NOEL, District Judge.

This cause of action is before the Court on defendant's petition for removal from the Chambers County District Court and plaintiff's motion to remand.

Plaintiff, Chambers-Liberty Counties Navigation District (herein "Navigation District"), is one of the navigation districts of the State of Texas. Plaintiff owns certain submerged and unsubmerged land in Trinity and Galveston Bays, located in Chambers and Galveston Counties, Texas. The Navigation District constructed the Liberty Channel, and as a part of the channel, built a protective spoil bank or jetty which divided Trinity

and Galveston Bays, and which served to prevent silt and wave action from filling the channel and to control the tidal flow. The jetty extended approximately one and one-half miles into the bay, and was composed of oyster and clam shell.

Defendant, Parker Brothers & Company (herein "Parker Bros."), is in the business of dredging and transporting oyster and clam shell for a profit, and operates under permits from the Texas Parks and Wildlife Department and from the Secretary of the Army.

Plaintiff filed a petition in the District Court of Chambers County, Texas, and in pertinent part alleges the following:

"Plaintiff would further show that during such period [January 1, 1966 to January 31, 1966] * * * Parker Brothers & Co., Inc. through its said dredging operations on lands owned by Plaintiff, destroyed, dug up and removed approximately one mile, or practically all of the protective spoil bank or jetty of the Liberty Channel which extended out into the Bays, and including a large portion of Plaintiff's fee land. Also, in removing same and by dredging in close proximity thereto, Defendant has partially filled in that end of the Liberty Channel; this filling in having resulted from the settling of the tremendous amount of mud and silt discharged by Defendant's dredging vessel or vessels. That Plaintiff is entitled to actual damages for Defendant's actions and the actual damages must be calculated in the following manner:

"Since this was a trespass on Plaintiff's property, Defendant must be required to pay to Plaintiff the reasonable cash manufactured retail value of the shell so removed and taken from Plaintiff. Also, * * * Defendant should be required to pay to Plaintiff the cost to redredge the portion of the Liberty Channel filled in by Defendant and the additional future cost of keeping said channel open by reason of Defendant's removal of said protective shell spoil bank or jetty."

Plaintiff also asks for exemplary damages double the actual damages (double the value of the shell removal), because the permits issued by the state and federal agencies did not cover the Navigation District's jetty, and thus the dredging complained of was done without a proper permit and in violation of the laws of the State of Texas and the United States.

In support of its petition for removal to federal court, Parker Bros. argues that plaintiff's cause of action is a civil case of admiralty or maritime jurisdiction of which this Court has original jurisdiction exclusive of the states under 46 U.S.C. § 740 and 28 U.S.C. § 1333. Furthermore, defendant contends that plaintiff's petition is based upon or involves a federal question under 33 U.S.C. §§ 403, 407, and is therefore within the original jurisdiction of the Court for removal purposes, 28 U.S.C. § 1441. Diversity of citizenship is not present.

In its petition to remand, the Navigation District contends that it seeks relief under the laws of the State of Texas and not under the laws of the United States. Counsel for plaintiff failed to comply with Local Rule 25(b), which requires that pretrial motions be accompanied by a list of authorities or a statement that he deems it unnecessary to file such a list. The Court will overlook this inadvertence, but counsel is directed to comply with the Local Rules in future appearances before the Court.

It is the duty of this Court to determine if it has jurisdiction of the cause, and, if it appears that the cause has been removed improvidently, to remand it. 28 U.S.C. § 1447(c). The Court will first examine the merit of the defendant's argument that this is a case of admiralty and within the exclusive jurisdiction of the Federal District Court.

■ A cause of action involving the removal of shell from a jetty by a dredging vessel is maritime in nature. See 1 U.S.C. § 3; Marine Drilling Co. v. Autin, 363 F.2d 579 (5th Cir. 1966). The federal district courts, as defendant argues,

do have original jurisdiction over any civil case of admiralty or maritime jurisdiction, but this jurisdiction is not exclusive of the state courts if the state courts offer a common law remedy which they are competent to administer:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled."

28 U.S.C. § 1333. (Emphasis added.) See also Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, rehearing denied, 359 U.S. 962, 79 S.Ct. 795, 3 L.Ed.2d 769 (1959); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, rehearing denied, 328 U.S. 878, 66 S.Ct. 1116, 90 L.Ed. 1646 (1946).

■ The only exception to the "saving to suitors" clause is that if the cause of action involves a right peculiar to the law of admiralty and is such that it requires uniform application of admiralty law, federal jurisdiction is exclusive. Proceedings *in rem*, e. g. those against the vessel, are within the exclusive jurisdiction of admiralty and of the federal district courts. Madruga v. Superior Court of State of California, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290 (1954). But when a suit is against a person, including a corporation, i. e. *in personam*, the federal and state courts have concurrent jurisdiction, and under the "saving to suitors" clause, the suitor has the option of seeking his common-law remedies in state court or remedies at law or in admiralty in federal court. Madruga v. Superior Court of State of California, supra; Taylor v. Carryl, 20 How. 583, 61 U.S. 583, 15 L.Ed. 1028 (1858). Plaintiff seeks relief only against Parker Bros., and the cause is therefore *in personam*. If the state court is competent to grant the relief sought by the plaintiff,

it has concurrent jurisdiction with this Court. Plaintiff seeks damages for trespass to and wrongful taking of its property. The state court is competent to give such relief *in personam*. Johnson v. Chicago & Pacific Elevator Co., 119 U.S. 388, 7 S.Ct. 254, 30 L.Ed. 447 (1886).

■ The Navigation District has exercised its option to file in state court under the "saving to suitors" clause of 28 U.S.C. § 1333. To allow removal once this option has been exercised would be to defeat the purpose of the clause. See Romero v. International Terminal Operating Co., supra. Furthermore, once the Navigation District has decided to pursue a common-law remedy in state court, removal could not be accomplished on the basis that it is an admiralty cause of action without encountering procedural difficulties. See Moore, Federal Practice paragraph 0.167 [3.–1], at 943 and [3.–3], at 945 (1965).

Defendant's second contention is that removal can be predicated upon 28 U.S.C. § 1441(b), which provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right·arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

■ While a maritime action as such is not an action arising under the laws of the United States within the language of section 1441(b), *Romero*, supra, 358 U.S. at 368, 79 S.Ct. at 478, if a case is removable under section 1441(b), it is independent of 28 U.S.C. § 1333, and, therefore, the "saving to suitors" clause will not preclude removal. Generally, however, federal courts should avoid unnecessary expansion of federal jurisdiction, and jurisdiction statutes are to be narrowly construed. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934).

It is the defendant's contention that plaintiff's cause of action arises under

or involves 33 U.S.C. §§ 403, 407, federal statutes, and thus is within the purview of section 1441(b).

■■ In order to establish the presence of federal-question jurisdiction for removal under 28 U.S.C. § 1441(b), the federally created right which is said to be present in the complaint or petition must be an essential element of plaintiff's cause of action. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Armstrong v. Alliance Trust Co., 126 F.2d 164 (5th Cir. 1942). The federal question presented must be a question of law—not of fact; it must be a dispute as to the construction of the statutes involved. Furthermore, it does not "arise under" a federal law "unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912).

■ The general rule is that the existence of a federal question depends upon the complaint well pleaded. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Therefore, in making its determination as to removability, the Court will read plaintiff's petition for the purpose of ascertaining what is the real question presented, and will reject incidental matters. Hoyt v. Bates, 81 F. 641 (D.Mass 1897). If the federal claim which is asserted in the petition is frivolous, a mere matter of form, or plainly unsubstantial, federal-question jurisdiction is not present, and the Court must remand the case to the state court. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Drawdy Investment Co. v. Leonard, 261 F.2d 226 (5th Cir. 1958). With this in mind, it is of controlling importance to evaluate the allegations in plaintiff's petition.

Plaintiff alleges that when Parker Bros. removed the shell from the jetty, a large amount of mud and silt was discharged from the dredging vessels, causing the partial filling of one end of the Liberty Channel. In its prayer for relief, the Navigation District asks that Parker Bros. be required to pay the cost to re-dredge that portion of the channel and the future cost incurred in keeping the channel open as a result of defendant's damage to the shell jetty. Defendant argues that this claim arises under a federal statute, and that the applicable statute is 33 U.S.C. § 403. Section 403 prohibits the obstruction of the navigable capacity of any waters of the United States, including obstruction resulting from the filling in of a navigable water.

The Navigation District also complains that Parker Bros. dredging activities violated 33 U.S.C. § 407, for the reason that Parker Bros. was required to secure a permit from the Secretary of the Army before dredging for shell in Trinity or Galveston Bays; that while Parker Bros. did have such a permit, the permissable dredging area established in the permit did not include plaintiff's property. Section 407 prohibits the unauthorized deposit of refuse in navigable waters. Under authority of this section, the Secretary of the Army may permit the deposit of any material if to do so would not injure navigation.

Actually, dredging permits are issued by the Secretary of the Army under authority of 33 U.S.C. § 403, and not 33 U.S.C. § 407 as plaintiff submits. The permit which was issued to Parker Bros. does not permit the deposit or refuse in navigable waters, and by its terms does not authorize injury to or invasion of private property or any infringement of federal, state or local law. *"It merely expresses the assent of the Federal Government so far as concerning the public right of navigation."* If the terms of the permit are not complied with, it may be revoked, but it neither authorizes nor preempts private action which evolves because dredging activities exceeded the terms of the permit.

 Authority to issue dredging permits is not specifically provided under either section 403 or section 407, and merely because dredging activities were conducted outside the scope of a permit does not mean that a violation of section 403, section 407, or any other federal statute has occurred. The permit itself cannot be labeled a "law" of the United States within the meaning of 28 U.S.C. § 1441(b), and the permit alone provides no foundation for removal to federal court.

 Both section 403 and section 407 are concerned with obstructions to navigation. As I read the petition, an essential element of the Navigation District's complaint does not involve an injury to or obstruction of navigation; nor is its claim of damages predicated upon such an occurrence. Such an allegation is an essential element of a cause of action arising under 33 U.S.C. § 403 or § 407. See United States v. Bigan, 170 F.Supp. 219 (W.D.Penn.1959); City of Memphis v. Ingram, 98 F.Supp. 395 (E.D.Ark. 1951), rev'd on other grounds, 195 F.2d 338 (8th Cir. 1952); Gulf Atlantic Transportation Co. v. Becker County Sand & Gravel Co., 122 F.Supp. 13, 17 (E.D.N.C. 1954), and cases cited therein. Nor does the petition allege or imply that the relief sought or the right pursued involves a dispute or controversy respecting the validity, construction, or effect of either of these statutes, a requirement for federal-question removal.

 The essential element of the cause of action sounds in tort, which plaintiff labels "a trespass on Plaintiff's property." It involves damages alleged to have resulted when defendant trespassed upon plaintiff's property and wrongfully removed shell therefrom. The amount of damages prayed for is formulated from the value placed upon the shell removed.

The essential element of plaintiff's cause of action, therefore, involves damage to its property, and not the effect of the damage upon navigation. This is not a federally created right. Presumably, plaintiff wishes money damages in order that it may repair and replace the jetty and restore the channel to its former state; not as recovery for loss of profits or performance resulting from obstruction to navigation. The cause of action does not relate to the federal nature of the right to be established, but rather, in its essential elements, is one arising under the common law or statutes of the State of Texas. See Tully v. Bauer-Smith Dredging Co., 116 F.Supp. 713 (E.D.Tex.1953); and compare People of Puerto Rico v. Russell & Co., 288 U.S. 476, 483, 53 S.Ct. 447, 77 L.Ed. 903 (1933); H. Christiansen & Sons, Inc. v. City of Duluth, 154 F.2d 205 (8th Cir. 1946); Gray v. Oklahoma Land & Cattle Co., 240 F.Supp. 646 (N.D.Okl.1965). Plaintiff's reference to a federal statute violation is apparently designed to demonstrate that the acts complained of were willful, thus dispensing with the necessity of proving intent or negligence. (Petition, p. 7.) [1] Here again, the alleged violation of a federal statute is not an element essential to recovery for trespass or damage to property. The determination of whether the removal of the shell was wrongful or not depends upon the laws of the State of Texas, and the correct decision of the case does not depend upon the construction of a federal law.

The prerequisites for removal of the case to this Court are not present. The case was, therefore, improperly removed, and will be remanded to the Chambers County District Court. Plaintiff shall prepare an appropriate order.

The Clerk shall file this Memorandum and Order and furnish copies to counsel of record.

---

1. "(f) That the actions and trespasses of Defendant and complained of herein were not done in a negligent manner but were done in a wanton, deliberate and willful manner to make a profit and with a complete disregard for Plaintiff's rights and property rights."