**SABRE ENTERPRISES, LTD., Plaintiff**

**v.**

**HOTEL ON THE CAY, INC., Defendant**

Civil No. 872-1967

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

June 6, 1968

■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■

MAAS, IRELAND & BRUNO (THOMAS D. IRELAND, ESQ.), *for plaintiff*

YOUNG & ISHERWOOD (WARREN H. YOUNG, ESQ.), *for defendant*

JOSEPH, *Judge*

### MEMORANDUM OPINION

Plaintiff has filed this action *in personam* for damages against defendant, the allegations of the complaint showing both to be corporations of the Virgin Islands. Defendant, having been duly served, has filed a motion to dismiss urging that this court is without jurisdiction inasmuch as the matter involves a collision between boats on Federal navigable waters and is more properly a suit *in rem* in admiralty and that the remedy may not be sought in an action *in personam*. At the time of the scheduled hearing on this motion counsel for the parties filed a stipulation, wherein a different party is named as defendant, agreeing to the removal of the case to the District Court of the Virgin Islands.

■ Section 32 of Title 4 of the Virgin Islands Code provides for the removal of cases from the Municipal to the

District Court. This provision is, in pertinent part, as follows:

"(a) . . . When it is in the interest of justice to do so the district court may on motion of any party transfer to the district court any action or proceeding brought in the municipal court, and the district court shall have jurisdiction to hear and determine such action or proceeding."

Removal of a case from the Municipal Court to the District Court may not, therefore, be made by stipulation filed in the Municipal Court. The stipulation filed herein will for that reason be expunged from the record.

██ Furthermore, it is the opinion of this court that the Municipal Court has jurisdiction to try and determine the matter at hand. The Judiciary Act, 28 U.S.C. § 1333, under the heading "Admiralty, maritime and prize cases," provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

. . ."

This law is applicable to the Virgin Islands pursuant to 48 U.S.C. § 1400. See 2 Op. Atty. Gen. V.I. 313.

█ The "saving to suitors" clause of the statute entitles claimants to prosecute, in an appropriate state court, their *in personam* claims against others notwithstanding the fact that such claims are cognizable in admiralty. Anderson v. Nadon, 9th Cir., 360 F.2d 53; Madruga v. Superior Court, 346 U.S. 556, 560; 1 Am. Jur., Admiralty, § 18; Chambers-Liberty Counties Nav. Dist. v. Parker Br. & Co., 263 F.Supp. 602. In the latter case the court stated (p. 605):

"But when a suit is against a person, including a corporation, i.e. *in personam*, the federal and state courts have concurrent

jurisdiction, and under the 'saving to suitors' clause, the suitor has the option of seeking his common law remedies in state court or remedies at law or in admiralty in federal court. . . . Plaintiff seeks relief only against Parker Bros., and the cause is therefore *in personam.* If the state court is competent to grant the relief sought by plaintiff, it has concurrent jurisdiction with this court. Plaintiff seeks damages for trespass to and wrongful taking of its property. The state court is competent to give such relief *in personam.* . . . The Navigation District has exercised its option to file in state court under the 'saving to suitors' clause . . . . To allow removal once this option has been exercised would be to defeat the purpose of the clause. . . . Furthermore, once the Navigation District has decided to pursue a common-law remedy in state court, removal could not be accomplished on the basis that it is an admiralty cause of action without encountering procedural difficulties . . . ."

The Court therefore concluded that the case had been improperly removed to the federal court and remanded it to the state court. In Berry v. M. F. Donovan & Sons, Maine, 115 Atl. 250, the court quoted Mr. Justice Holmes as observing, "The precise scope of admiralty jurisdiction is not a matter of obvious principle or of very accurate history," but held that the state courts administering common-law remedies have concurrent jurisdiction with federal courts in actions *in personam* concerning maritime claims.

Defendant's Motion to Dismiss is therefore denied. In the event plaintiff wishes to withdraw its election to pursue the remedy in the Municipal Court it may, by appropriate procedure, dismiss this action.