**Remo LAVAGNINO, Qui Tam, Plaintiff,**

**v.**

**PORTO–MIX CONCRETE, INC., a Colorado Corporation, et al., Defendants.**

**Civ. A. No. C–3064.**

United States District Court,
D. Colorado.

Aug. 6, 1971.

**324**

Dwight K. Shellman, Jr., Aspen, Colo., for plaintiff.

Robert C. Cutter, Glenwood Springs, Colo., for defendant, Porto-Mix Concrete, Inc.

John J. Gaudio, Denver, Colo., for defendant, Esco Development Corporation.

James F. Pamp and Kenneth D. Barrows, Denver, Colo., for defendant, Denver & Rio Grande Western R. Co.

## ORDER

CHILSON, District Judge.

Plaintiff, an owner of land adjacent to the Roaring Fork River, in Pitkin County, Colorado, alleges that, by various illegal acts, the defendants have caused erosion damage to his land. He seeks injunctive relief, money damages, and one-half of any fines which may be assessed against the defendants for various alleged violations of the Rivers and Harbors Act of 1899 (as amended), 33 U.S.C. Sections 410–415.

The complaint alleges jurisdiction based on Title 28 U.S.C. § 1331 (federal question), Section 1332 (diversity of citizenship), and Section 1355 (actions for the recovery of fines incurred under an Act of Congress).

The defendants have moved to dismiss for lack of jurisdiction and for failure of the complaint to state a claim upon which relief can be granted. The defendants have supported their motions by memorandum briefs. Upon request, the Court granted the plaintiff an extension of thirty days to file a reply to the defendants' briefs. The extension has expired and plaintiff has filed no brief. For the purposes of these motions, we assume but do not decide that the Roaring Fork is a navigable river and subject to the Rivers and Harbors Act.

The complaint alleges twelve claims for relief which are summarized below.

*First claim*: Against Esco for depositing "refuse matter of any kind or description" in the River, without a permit from the Secretary of the Army, in violation of 33 U.S.C. § 407. Plaintiff

seeks injunctive relief and one-half of any fine imposed against Esco. Plaintiff alleges in this claim and the others that the actions of the defendants are harming plaintiff's property located on the River.

*Second claim*: Against Esco for violations of 33 U.S.C. § 403, creating an "obstruction" in the River without authorization from the Secretary of the Army.

*Third claim*: Against Esco for violations of 33 U.S.C. § 401, creating a "dike" in the River.

*Fourth claim*: Against Grant and Company, a wholly-owned subsidiary of Esco which owns the land upon which Esco operates. Seeks recovery on the theory that, because of close ownership and control, Grant is responsible for Esco's actions, which amounts to a violation by Grant and Company of 33 U.S.C. § 407.

*Fifth claim*: Against Grant and Company, on the theory that this defendant did "knowingly aid, abet, authorize and instigate a violation" of 33 U.S.C. § 407.

*Sixth claim*: Against Porto-Mix, an occupier of land on the River, for violation of 33 U.S.C. § 407, depositing "refuse" in the River, in the form of dumped concrete.

*Seventh claim*: Against Denver Rio Grande as owner of the property upon which Porto-Mix operates, to recover on a theory that Rio Grande is vicariously liable because, in its role as lessor, it knowingly allows and does not restrain its lessee from violating 33 U.S.C. § 407.

*Eighth claim*: Against Rio Grande, on the theory of vicarious liability because it knowingly allows its lessee to violate 33 U.S.C. § 407, thereby aiding and abetting such violations.

*Ninth claim*: A common law claim against Esco for maintaining a private nuisance on its land.

*Tenth claim*: A common law claim against Grant and Co. for authorizing and allowing its lessee, Esco, to maintain a nuisance.

*Eleventh claim*: A common law claim against Porto-Mix for maintaining a private nuisance on its land.

*Twelfth claim*: A common law claim against Rio Grande Railroad for authorizing and allowing its lessee, Porto-Mix, to maintain a private nuisance.

These claims falls into three categories. The first seeks to impose upon defendants, the sanctions provided in Section 411 of the Rivers and Harbors Act for certain violations. Section 411 provides that every person and corporation that violates Sections 407, 408, and 409, shall be guilty of a misdemeanor, and on conviction, shall be punished by fine or by imprisonment and states "one-half of said fine to be paid to the person or persons giving information which shall lead to conviction."

Section 411 is penal in nature and the plaintiff as a private citizen has no power or authority to institute a civil action for the enforcement of a penal statute.[1] Therefore, insofar as the complaint seeks to enforce Section 411, the complaint fails to state a claim upon which relief can be granted.

Insofar as this is a "Qui Tam" action, the Rivers and Harbors Act gives no right to private individuals to prosecute violations of the Act.[2]

The second category of claims are those based upon the alleged violations by the defendants of the provisions of the Rivers and Harbors Act. Although there appears to be some conflict in the case law, the rule which this Court adopts is

1. United States v. Standard Oil Co., 384 U.S. 224, 86 S.Ct. 1427, 16 L.Ed.2d 492. United States v. Bigan, 170 F.Supp. 219 (W.D.Pa.1959) (affirmed 274 F.2d 729) (3rd Circuit 1960). Smith v. United States, 375 F.2d 243 (5th Cir. 1967).

Pugach v. Klein, 193 F.Supp. 630 (S.D. N.Y.1961).

2. Bass Anglers Sportsmans Society v. United States Steel Corp., (M.D., N.D., & S.D.Ala. Feb. 8, 1970) and Durning v. ITT Rayonier, Inc., 325 F.Supp. 446 (W.D.Wash. Oct. 6, 1970).

that a private right of action under the Rivers and Harbors Act is limited to actions for injury in the use of navigable waters for the purposes of navigation.[3]

> "The essential element of plaintiff's cause of action * * * involves damage to its property, and not the effect of the damage upon navigation. This is not a federally created right."

There are no such allegations in the complaint, and the claims for relief because of the alleged violations by the defendants of provisions of the Rivers and Harbors Act do not state a claim upon which relief can be granted.

■ The third category of claims are those contained in the ninth to twelfth statements which allege that the defendants have created and maintained a "private business" and the plaintiff seeks damages and an abatement of the nuisance.

Since this Court does not have jurisdiction of these common law claims pursuant to 28 U.S.C. §§ 1331 and 1355, we assume the plaintiff relies on diversity jurisdiction because it is the only other section referred to in the complaint as conferring jurisdiction in this Court. Diversity is not alleged in the complaint, nor is the jurisdictional amount. Lacking such allegations, the Court is without jurisdiction to adjudicate the common law claims.

It is therefore ordered that the motions to dismiss the complaint are granted and judgment of dismissal of the complaint shall enter forthwith, together with judgment in favor of the defendants against the plaintiff for the defendants' costs to be taxed by the Clerk of the Court upon the filing of a Bill of Costs.

3. *E. g.,* Neches Canal Co., v. Miller & Vidor Lumber Co., 24 F.2d 763 (5th Cir. 1928) (federal-question jurisdiction also exists in such a case); *see,* Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co., 263 F.Supp. 602, 607 (S.D. Tex.1967) (injury to or obstruction of navigation as an essential element of a cause of action under 33 U.S.C. §§ 403 or 407); *see also,* Lownsdale v. Gray's Harbor Boom Co., 117 F. 983, 987 (C.C. D.Wash.1902).

H. Christiansen & Sons v. City of Duluth, 154 F.2d 205 (8th Cir. 1946); Guthrie v. Alabama By-Products Co., 328 F.Supp. 1140 (N.D.Ala., June 21, 1971) (riparian landowners could not sue to abate pollution of navigable waters); Cross v. Pace, 106 F.Supp. 484 (D.C.1952) (illegal dam was causing waters to rise, threatening to flood plaintiff's property); *see also,* Chambers-Liberty Counties Nav. Dist. v. Parker Bros. & Co., 263 F.Supp. 602, 607 (S.D.Tex.1967).